UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>DEBORAH TUMLINSON (1),<br><br>        Defendant. | Case Nos.: 14CR2978-JLS<br>       18CV0206-JLS<br><br>**ORDER: (1) DENYING IN PART AND DISMISSING IN PART DEFENDANT'S MOTION UNDER 20 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE; AND (2) DENYING CERTIFICATE OF APPEALABILITY** |

  Presently before the Court is Defendant Deborah Tumlinson's First Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 203). Plaintiff United States of America filed a response in opposition, Defendant filed a reply, and Plaintiff filed a surreply. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will deny in part and dismiss in part Defendant's motion.

## Background

  Defendant Tumlinson and her husband were charged in a multiple count indictment alleging conspiracy, mail fraud, wire fraud, bank fraud, money laundering, and bankruptcy fraud. ECF No. 1. Defendant was initially represented by retained counsel, Randy Wagner. ECF No. 19. Mr. Wagner was subsequently permitted to withdraw as counsel

of record and new counsel, Manuel Luis Ramirez, was appointed. ECF Nos. 58, 62. Approximately eight months later, on February 11, 2016, the Court granted the substitution of Michael S. Berg, who was retained to represent Defendant. ECF No. 127.

On May 13, 2016, Defendant pled guilty to Count 4 of the indictment, alleging wire fraud, pursuant to a plea agreement. ECF No. 135. The plea agreement contained a waiver of appeal and collateral attack which waived "any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel." *Id*. at 14. The plea agreement also contained a waiver of appeal or collateral attack of the sentence, "except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." *Id.*

More than eight months after pleading guilty, on January 27, 2017, Defendant was sentenced to a term of imprisonment of 12 months and one day, well below the Government's recommendation of 27 months. ECF Nos. 151, 144. Defendant was allowed to self-surrender on March 3, 2017, a deadline which was ultimately extended until January 19, 2018. Defendant filed a notice of appeal on February 21, 2017 which was withdrawn two days later, on February 23, 2017. ECF Nos. 159, 162. On December 20, 2017, this court granted Defendant's request for appointment of counsel to represent her with respect to any claim pursuant to 28 U.S.C. § 2255. ECF No. 191.

## Analysis

In the instant motion under 28 U.S.C. § 2255, Defendant raises three claims: 1) her attorneys provided ineffective assistance of counsel under the Sixth Amendment by not investigating exculpatory evidence; 2) the Government violated her *Brady* rights, resulting in her pleading guilty; and 3) her guilty plea was coerced and invalid due to her medical conditions, empty stomach and medications, and false evidence. Defendant argues that the Court should set aside the guilty plea and conviction, or alternatively, covert Defendant's prison sentence to home confinement given her medical condition.

2

14CR2978-JLS
18CV0206-JLS

The Government responds that Defendant's motion is procedurally barred by her plea agreement waiver of collateral attack and by default for failing to raise her claims on direct appeal. The Government further argues that substantively Defendant's claims fail because she was not deprived of exculpatory evidence.

As part of her plea agreement, Petitioner waived the right to appeal and to collaterally attack the conviction under 28 U.S.C. § 2255, with the exception of a collateral attack based upon a claim of ineffective assistance of counsel. Petitioner also waived her right to appeal and to collaterally attack the sentence unless the Court imposed a sentence in excess of the high end of the guideline range recommended by the Government pursuant to the plea agreement. A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

The scope of a § 2255 waiver, however, may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d 1012, 1014. Unless Petitioner can demonstrate that one of these limitations to the validity of the waiver are applicable, this Court lacks jurisdiction to consider her collateral challenge to her conviction, with the exception of the ineffective assistance of counsel claims preserved in the plea agreement. *See Washington v.*

*Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).

Defendant contends that her plea agreement waiver is invalid because she was cognitively impaired the day she pleaded guilty and because she pled guilty on the basis of false evidence against her. As to the cognitive impairment claim, Defendant alleges that she not eaten the day of her guilty plea, she was severely dehydrated, and had taken various medications.[1] In addition, Defendant asserts that she suffers from neurocardiogenic syncope syndrome (NSS) and that she experienced an episode of NSS on the day of her guilty plea. Defendant contends that her guilty plea hearing was "like sleep walking for her, an unconscious event even though the outward signs made it appear that she was conscious of what was transpiring." ECF 203 at 11. As a result, Defendant claims that her guilty plea was not intelligent or voluntary.

The court determines voluntariness by looking at the totality of the circumstances surrounding the signing and entry of the plea agreement. *United States v. Kaczynski*, 239 F.3d 1108, 1114 (9th Cir. 2001). In assessing the voluntariness of the plea, the court must accord great weight to statements made by the defendant contemporaneously with his plea. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986). The representations of the defendant, his lawyer, and the prosecutor, as well as the judge's findings in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions

---

[1] Defendant asserts that before her guilty plea she had taken: 1) 50 mg. of Tramadol (a pain medication); 2) 4 Formula 303 pills (a homeopathic relaxant); 3) 5 mg. of Pindolol; and 4) 70 mg. of Cannabidiol (CBD oil). ECF 203 at 10.

4

that in the face of the record are wholly incredible." *Id*. at 74; *see also Kaczynski*, 239 F.3d at 1115.

The Court's recollection of the change of plea proceedings is that Defendant was engaged, aware, and fully cognizant of the proceedings. Defendant answered the Court's inquiries appropriately and did not hesitate to stop the Court and confer with counsel if she had a question before proceeding. The transcript of the proceedings reflects the Court's recollection. ECF 170. Defendant informed the Court that she had taken prescribed medications for a variety of conditions, but that she felt all right to proceed with her change of plea. *Id*. at 6. At another point, after defense counsel asked whether Defendant might be seated, the Court inquired whether she was okay to proceed, and she answered "No – absolutely, 100 percent." *Id*. at 8. Later in the proceeding, after the Court advised Defendant of the maximum penalties, the following exchange took place:

> THE DEFENDANT: Your Honor, hold on.
> (DISCUSSION HELD OFF THE RECORD)
> THE DEFENDANT: Thank you, your Honor.
> THE COURT: Are you okay to proceed?
> THE DEFENDANT: Yes.

*Id*. at 11.

The transcript also reflects Defendant's awareness and consciousness of the proceedings. For example, during a discussion about restitution, defense counsel indicated to the Court that Defendant had already prepaid $130,000 and Defendant immediately corrected him on the record, indicating that she had paid $131,000. *Id*. at 5. When defense counsel indicated to the Court that Defendant had read the factual basis set forth in the plea agreement and agrees and adopts each of the allegations, Defendant immediately indicated, "Yes, your Honor, I do" without any prompting from the Court. *Id*. at 11.

Thus, the contemporaneous evidence regarding Defendant's guilty plea, her declarations in open court, the transcript of the change of plea proceeding, and the

5

14CR2978-JLS
18CV0206-JLS

statements within the Plea Agreement adopted by Defendant, all indicate that Defendant's plea was voluntarily and intelligently made. In addition, more than 18 months passed between the time Defendant entered her guilty plea and her final self-surrender date and Defendant never moved to withdraw her guilty plea or otherwise bring her cognitive impairment to the attention of the Court, even though numerous court hearings were held in this time frame. Thus, despite Defendant's current assertions, the Court is persuaded that the files and records in this case conclusively demonstrate that Defendant's mental condition was sufficient to support her guilty plea.

Defendant also contends that her plea was involuntary because it was induced by false evidence. This claim is based on information provided by Carter Johnston to the Government beginning in January, 2017. Mr. Johnston claimed to have uncovered evidence that a letter he wrote to a real estate broker indicating that Defendant and her husband had reached a settlement in a lawsuit was based upon an error on his part, not a misrepresentation made at the request of Defendant, as he had previously maintained.[2] ECF 203-2. Mr. Johnston also indicated that in a subsequent letter to the real estate broker he may have mistakenly implied that the lawsuit was settled, but any implication was his error and not intentional. *Id.* Defendant claims that because she was never advised of Mr. Johnston's exculpatory evidence, her plea was involuntary and unintelligent.

The Court is not persuaded that Mr. Johnston's "new" evidence is exculpatory. In an email of May 20, 2010, which Mr. Johnston claims to have misconstrued, Defendant's instruction to Mr. Johnston was to "take out the following highlighted in red." ECF No. 207-2. "It is my understanding" is highlighted in red. *Id.* Mr. Johnston took out those

---

[2] On July 30, 2014, Mr. Johnston signed a stipulation of facts in connection with disbarment proceedings held against him which attested that Mrs. Tumlinson provided him with information that had to be included in the letter, including the representation that a settlement had been reached. ECF 207-6. In December, 2015, Mr. Johnston told FBI Special Agent Duczakowski that the information included in both letters to the real estate broker was provided by Mrs. Tumlinson. ECF 207-7.

6

terms, and emailed the changes back to Defendant. *Id*. The next email by Defendant indicates "almost perfect...see changes below. Just make sure you put it on letterhead." ECF No. 207-3. The draft of the proposed letter below, approved by Defendant with changes made by Defendant, read:

> Dear Ms. Castberg:
>
> I am an attorney of record for Douglas and Deborah Tumlinson. Mr. and Mrs Tumlinson have reached a settlement in their action against SDG&E resulting from the fire damage to their property. While the details of that settlement are confidential, the Tumlinsons plan to devote $600,000 of their funds to the purchase and improvement of the property at 13398 Jacaranda Blossom in Valley Center. Accordingly, there will be no financing needed on the purchase of the property.
>
> …

ECF 207-3.

Thus, despite Mr. Johnston's dubious revelation in January, 2017 that the explicit instruction provided in the first email by Mrs. Tumlinson (to take out the terms highlighted in red) also included a second instruction to change the wording to indicate that the Tumlinson's "had agreed to settle their lawsuit," the evidence demonstrates that Defendant had knowledge of and approved the version of the letter indicating that a settlement had been reached. This is consistent with the factual basis admitted by Defendant in the plea agreement.[3]

Thus, even if one were to credit Mr. Johnston's late-founded belief that the initial misrepresentation stemmed from an error on his part, subsequent evidence–the letter finally approved by Defendant—demonstrates that Defendant was aware of the

---

[3] The portion of the factual basis regarding the letter provides: "the defendant caused Attorney C.J. to send a letter to real estate broker E. Castberg on May 20, 2010, in which he unwittingly misrepresented that the TUMLINSONS had reached a settlement in their SDG&E lawsuit." ECF No. 135 at 4-5.

7

misrepresentation and directed it to be sent. Thus, the Court is not persuaded that Mr. Johnston's January 2017 evidence is exculpatory.

Moreover, even if the evidence had been exculpatory, it has no effect on the numerous other admissions made by Defendant which demonstrate that Defendant intended to misrepresent that a settlement of the SDG&E lawsuit had been reached. Defendant admitted that she directed Mr. Johnston to send a letter on October 2, 2010, to a representative of U.S. Claims, indicating that the Tumlinsons had settled the SDG&E lawsuit for $2,490,000.00. ECF No. 135 at 5. Defendant admitted that, on October 5, 2010, she represented to U.S. Claims that a court-appointed mediator in the lawsuit had already awarded $2.4 million to the Tumlinsons and that, on October 6, 2010, she signed a Purchase Agreement in support of an application for a loan from U.S. Claims which falsely represented that Mr. Johnston represented the Tumlinsons in connection with their "Settled Claim" in the SDG&E lawsuit. *Id.* Thus, given the evidence and admissions before the Court, the Court is not persuaded that Defendant's guilty plea was based on false evidence or improperly influenced by any failure to disclose the information Mr. Johnston provided to the Government beginning in January, 2017.

Accordingly, the Court finds that Defendant entered her plea agreement knowingly and intelligently and, thus, her limited waiver of the right to bring this collateral attack is valid. Defendant's waiver preserved her right to bring a challenge to the effectiveness of her counsel, but the other claims raised in Defendant's Petition must be dismissed for lack of jurisdiction.

Turning to Defendant's claims of ineffective assistance of counsel, Defendant contends that her attorneys, Mr. Wagner and Mr. Ramirez[4], were ineffective for failing to investigate exculpatory evidence. Defendant indicates that her attorneys apparently did not have the benefit of the exculpatory documents that Mr. Johnston produced between

---

[4] Defendant also asserts that she suffered from ineffective assistance from Mr. Johnston, but he did not represent her in this case.

8

January and November, 2017. Defendant claims that there is a reasonable probability she would have gone to trial rather than pleading guilty had she known of Mr. Johnston's exculpatory evidence.

To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

For the reasons previously set forth, the Court is not at all persuaded that the information provided by Mr. Johnston was exculpatory. Furthermore, Defendant makes no showing that any of her counsel failed to properly investigate her involvement in the charged offenses or that counsel's conduct was otherwise deficient. Defendant has also failed to establish that, but for counsel's alleged errors, the result of the proceeding would have been different. Even if one were to entirely disregard the evidence allegedly nullified by Mr. Johnston's "exculpatory" evidence, the factual basis set forth in the plea agreement still contains ample support for Defendant's wire fraud conviction. Accordingly, Defendant's claim of ineffective assistance of counsel must be denied.

## Evidentiary Hearing

A court is not required to hold an evidentiary hearing when ruling on § 2255 motions. *Shah v. United States,* 878 F.2d 1156, 1159-60 (9th Cir. 1989). Section 2255 allows courts to forego such a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court finds an evidentiary is not required in this matter because the records conclusively demonstrate Defendant is not entitled to relief.

## Conclusion

Having reviewed the parties' arguments, the record, and applicable law, IT IS HEREBY ORDERED:

1. Defendant's claims challenging the validity of her guilty plea and waiver of collateral attack are **DENIED.**

2. Defendant's claim of ineffective assistance of counsel is **DENIED**.

3. Defendant's remaining claims challenging her conviction and sentence are **DISMISSED** for lack of subject matter jurisdiction.

4. The Court **DENIES** Defendant a certificate of appealability, as Defendant has not made a substantial showing that she has been denied a constitutional right. *See* 28 U.S.C. § 2253(c) (providing that a certificate shall issue "only if the applicant has made a substantial showing of a denial of a constitutional right.").

IT IS SO ORDERED.

Dated: April 13, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge